# NO. 12-08-00221-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| | § | *APPEAL FROM THE* |
| *THE STATE OF TEXAS FOR* | | |
| *THE BEST INTEREST AND* | § | *COUNTY COURT AT LAW OF* |
| *PROTECTION OF M.H.* | | |
| | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

M.H. appeals from an order to administer psychoactive medication. After a hearing without a jury, the trial court entered an order authorizing the Texas Department of Mental Health and Mental Retardation to administer psychoactive medication to M.H. In one issue, M.H asserts the evidence is legally and factually insufficient to support the order. We affirm.

### BACKGROUND

On April 29, 2008, the trial court entered an order for temporary mental health services. On May 8, 2008, an application for court ordered authorization for the administration of psychoactive medication was filed. The application was prepared by a physician, Dr. Robert Bouchat, who diagnosed M.H. as suffering from bipolar disorder. The doctor indicated that he believes M.H. lacks the capacity to make a decision regarding administration of psychoactive medication because she is delusional and devoid of insight. After hearing Dr. Bouchat's testimony, the court entered an order to administer psychoactive medication.

### PSYCHOACTIVE MEDICATION

In her sole issue, M.H. asserts the evidence is neither legally nor factually sufficient to support the order to administer psychoactive medication. She contends that the State did not prove by clear and convincing evidence that she lacks the capacity to make a decision regarding the administration of psychoactive medicine. She argues that the record does not show that the use of

medication is in her best interest or that she did not have the ability to understand the nature and consequences of taking medication. She further contends the trial court failed to adequately address several of the factors required to be considered in making a determination as to whether medication is in her best interest.

**Applicable Law**

In a legal sufficiency review where the burden of proof is clear and convincing evidence, the reviewing court must consider all of the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). The reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so. *Id*. A court should disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible. *Id*.

In addressing a factual sufficiency of the evidence challenge, we must consider all the evidence in the record, both that in support of and contrary to the trial court's findings. *In re C.H.*, 89 S.W.3d 17, 27-29 (Tex. 2002). This court must give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing. *Id*. at 25. We must determine whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations. *Id*. We must consider whether disputed evidence is such that a reasonable trier of fact could not have reconciled that disputed evidence in favor of its finding. *In re J.F.C.*, 96 S.W.3d at 266. Appellate courts retain deference for the constitutional roles of the factfinder. *In re C.H.*, 89 S.W.3d at 26. The trier of fact is the exclusive judge of the credibility of the witnesses and the weight to be given to their testimony. *See id*. at 27; *In re J.J.O.*, 131 S.W.2d 618, 632 (Tex. App.–Fort Worth 2004, no pet.).

The court may enter an order authorizing the administration of psychoactive medication if the patient is under an order to receive inpatient mental health services and it finds by clear and convincing evidence that the patient lacks the capacity to make a decision regarding the administration of the proposed medication and treatment with the proposed medication is in the best interest of the patient. TEX. HEALTH & SAFETY CODE ANN. § 574.106(a) (Vernon Supp. 2008). In determining that treatment with psychoactive medication is in the best interest of the patient, the court is required to consider the following:

2

(1)     the patient's expressed preferences regarding treatment with psychoactive medication;

(2)     the patient's religious beliefs;

(3)     the risks and benefits, from the perspective of the patient, of taking psychoactive medication;

(4)     the consequences to the patient if the psychoactive medication is not administered;

(5)     the prognosis for the patient if the patient is treated with psychoactive medication;

(6)     alternative, less intrusive treatments that are likely to produce the same results as treatment with psychoactive medication; and

(7)     less intrusive treatments likely to secure the patient's agreement to take the psychoactive medication.

TEX. HEALTH & SAFETY CODE ANN. § 574.106(b) (Vernon Supp. 2008).

**Discussion**

Dr. Bouchat testified that M.H. was, at the time of the hearing, under an order for temporary mental health services. The doctor testified that M.H. suffers from bipolar disorder. He said M.H. has refused to accept medications voluntarily and lacks the capacity to make a decision regarding administration of psychoactive medication. The requested medications are in the proper course of treatment, and are in M.H.'s best interests. The benefits outweigh the risks, and her hospital stay would be shortened if medications are used. Dr. Bouchat explained that he had tried to discuss medications with M.H. on several occasions but, because she feels she does not have a mental illness and because she is a Jehovah's Witness, she believes medications are not appropriate for her. He explained that she had been hospitalized for two weeks at the time of the hearing and she had not improved. He felt that she would not be well enough to be discharged without the use of medications.

On cross examination, Dr. Bouchat, referring to a document in M.H.'s medical records, agreed with counsel that the admitting doctor stated on April 30, 2008 that M.H. is capable of understanding the explanation of treatment. He agreed that patients have the right to reject medical recommendations if they conflict with their religion. While M.H. had not explicitly stated that her religious beliefs were the basis for rejecting the medication, the doctor felt that was a reasonable inference from what she had told him. Dr. Bouchat explained that therapy while hospitalized had

3

not diminished her manic symptoms and persistent irritability and there are no effective alternative treatments for bipolar disorder. The doctor testified that without medications, M.H. would not be able to be discharged to a less restrictive environment and would probably "get into problems with authorities rather quickly."

On redirect, when asked if M.H. lacks the capacity to make a decision regarding administration of psychoactive medications, the doctor explained that she understands what the intent is regarding medication but "she is devoid of insight regarding her behaviors that landed her here in the hospital and the need for medication to control her illness." He believes her refusal to take medication is due to her mental illness and medication would be the proper course of treatment for her. On further cross examination, he explained that M.H. understands his desire to use medication and that he believes the medication would help her. He clarified that her primary objection to taking medication is based on her refusal to acknowledge that she has an illness "but she also from time to time brings up the issue of religion and not needing medication."

M.H. testified, stating that she understood that the doctor wants access to certain medications and that he believes the medications would lead to an earlier release. She said the doctor never told her what kind of medication he wanted to give her. She denied having a mental illness. She objected to all categories of medication except one that would deal with a "menopause problem." She accused the doctors and hospitals of being guilty of medical malpractice and insurance fraud and of being pathological liars. She explained that she is a Jehovah's Witness and taking any drugs is against her faith. She stated,

> As Jehovah's witnesses, we have spiritual spines and mental powers. We deal in realities all the time. We're victimized by bigoted people who don't like us or don't understand us or don't agree with us, and these all extend from K.K.K. and satan [sic] worshipers who know exactly who I am and know there was nothing that happened.

She denied being delusional or devoid of insight. She testified that if the doctors were to force her to take medication it could put her relationship with her god in great jeopardy. She clarified that she takes medicines that she really needs but does not take medicines that are convenient for others. She further explained, "I do not take drugs on the basis of my faith. I do not need it. There is nothing wrong with me. They just know I am telling the truth and are doing everything to discredit me."

4

Dr. Bouchat testified that M.H. lacks the capacity to make a decision regarding administration of psychoactive medication due to her mental illness. M.H. had made no progress with therapy in the absence of medication and there are no reasonable alternatives to medication in the treatment of her illness. Considering all the evidence in the light most favorable to the findings, we conclude a reasonable trier of fact could have formed a firm belief or conviction that M.H. lacks the capacity to make a decision regarding administration of the proposed medication and that treatment with the proposed medication is in her best interest. *See In re J.F.C.*, 96 S.W.3d at 266. This evidence satisfies the statutory requirement for clear and convincing evidence in support of the order for administration of psychoactive medication. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.106(a). The evidence is legally sufficient to support the trial court's order. *See J.F.C.*, 96 S.W.3d at 266.

In addressing M.H.'s factual sufficiency complaint, we consider all the evidence, giving due consideration to evidence the factfinder could reasonably have found to be clear and convincing. *In re C.H.*, 89 S.W.3d at 25. The State presented evidence that M.H. is not competent to make a decision about whether to take or refuse medication. The admitting doctor's statement that M.H. is capable of understanding an explanation of treatment is consistent with Dr. Bouchat's statement that M.H. understands what the intent is regarding medication. Furthermore, the trial court could have determined that a patient could understand an explanation of treatment and yet lack the capacity to make a decision regarding the administration of medication. The trial court was entitled to disregard M.H.'s testimony that she rejected medication on the basis of her religion and determine instead that her ability to make a decision was negatively affected by her mental illness as explained by Dr. Bouchat. *See In re J.F.C.*, 96 S.W.3d at 266; *In re C.H.*, 89 S.W.3d at 27. In light of the entire record, the evidence that the trial court could not have credited in favor of its findings is not so significant that the trial court could not reasonably form a firm belief or conviction that M.H. lacks the capacity to make a decision regarding the administration of the proposed medication and that treatment with the proposed medication is in her best interest. *See In re C.H.*, 89 S.W.3d at 25. Thus, the evidence is factually sufficient to support the trial court's findings. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.106(a). We overrule M.H.'s sole issue.

## DISPOSITION

5

Because the evidence is legally and factually sufficient to support the trial court's order for the administration of psychoactive medication, we *affirm* the trial court's order.


    **JAMES T. WORTHEN**    
Chief Justice


Opinion delivered October 8, 2008.
*Panel consisted of Worthen, C.J., Griffith, J.., and Hoyle, J.*


(PUBLISH)